UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

MILTON MURRAY,

    Plaintiff,

v.   Case No. 2:04-cv-54
    HON. RICHARD ALAN ENSLEN

UNKNOWN RONDEAU,

    Defendant.
_____/

## REPORT AND RECOMMENDATION

Plaintiff Milton Murray, an inmate currently confined at the Alger Maximum Correctional Facility (LMF), filed this *pro se* civil rights action pursuant to 42 U.S.C. § 1983 against RUO Rondeau, an employee of the Michigan Department of Corrections (MDOC) who is employed at LMF.

Plaintiff's complaint alleges that on August 23, 2003, Defendant "had RUO Aleo bring me a food tray he spit up mucus all in the pudding... causing me to have T.B." (Plaintiff's Complaint, p. 4.) Plaintiff further alleges that on March 3, 2004, Defendant again spit in his food and "told me to enjoy my brownie and spaghetti." *Id* at 5. Plaintiff also asserts that "RUO Rondeau admitted he spit in my food tray and agreed I take [sic] a T.B. test by Attorney General." *Id.* Finally, Plaintiff alleges that he knows that Defendant has the AIDS virus. *Id.* Plaintiff is suing Defendant in his official capacity and wants a polygraph test to be administered to himself and Defendant. Plaintiff is also seeking punitive damages in the amount of $900,000.

- 2 -

Presently before the Court is the Defendant's Motion for Summary Judgment, pursuant to Fed. R. Civ. P. 56. Plaintiff has filed a response and the matter is ready for decision. Summary judgment is appropriate only if the moving party establishes that there is no genuine issue of material fact for trial and that he is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-323 (1986). If the movant carries the burden of showing there is an absence of evidence to support a claim or defense, then the party opposing the motion must demonstrate by affidavits, depositions, answers to interrogatories, and admissions on file, that there is a genuine issue of material fact for trial. *Id.* at 324-25. The nonmoving party cannot rest on its pleadings but must present "specific facts showing that there is a genuine issue for trial." *Id.* at 324 (quoting Fed. R. Civ. P. 56(e)).

The evidence must be viewed in the light most favorable to the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986). Thus, any direct evidence offered by the plaintiff in response to a summary judgment motion must be accepted as true. *Muhammad v. Close*, __ F.3d __, 2004 WL 1780987, *2 (6th Cir. Aug 11, 2004) (*citing Adams v. Metiva*, 31 F.3d 375, 382 (6th Cir. 1994)). However, a mere scintilla of evidence in support of the nonmovant's position will be insufficient. *Anderson*, 477 U.S. at 251-52. Ultimately, the court must determine whether there is sufficient "evidence on which the jury could reasonably find for the plaintiff." *Id.* at 252. *See also Leahy v. Trans Jones, Inc.*, 996 F.2d 136, 139 (6th Cir. 1993) (single affidavit, in presence of other evidence to the contrary, failed to present genuine issue of fact); *cf. Moore, Owen, Thomas & Co. v. Coffey*, 992 F.2d 1439, 1448 (6th Cir. 1993) (single affidavit concerning state of mind created factual issue).

In the opinion of the undersigned, Defendant correctly asserts in his "Supplemental Brief Citing Binding New Case Law" that because Plaintiff's complaint contains both exhausted and unexhausted claims, the Court should dismiss this action pursuant to the "total exhaustion" rule. Under the total exhaustion rule, the presence of an unexhausted claim results in the dismissal of the entire action. *Jones Bey v. Johnson, et al.*, 407 F.3d 801 (6th Cir. 2005). Dismissal of this action without prejudice is appropriate when a prisoner has failed to show that he exhausted available administrative remedies. *See Freeman*, 196 F.3d at 645; *Brown*, 139 F.3d at 1104; *White v. McGinnis*, 131 F.3d 593, 595 (6th Cir. 1997). In the present case, Plaintiff has exhausted administrative remedies as to the August 23, 2003, incident but not as to the March 3, 2004, incident. Dismissal for failing to exhaust available administrative remedies does not relieve a plaintiff from payment of the civil action filing fee. *Omar v. Lesza*, No. 97 C 5817, 1997 WL 534361, at *1 (N.D. Ill. Aug. 26, 1997). Accordingly, the Court should dismiss Plaintiff's entire action without prejudice.

In addition, Plaintiff's complaint is also properly dismissed on the merits. Plaintiff has not presented any evidence, beyond his pleadings, to support his allegations. Defendant, however, has presented evidence that directly contradicts Plaintiff's allegations. Plaintiff avers that on August 23, 2003, his food was delivered to him by RUO Aleo. (Plaintiff's Complaint, p. 4.) In his affidavit, Defendant states that prison records show that RUO Aleo was not on duty at LMF that day and that Plaintiff's food was delivered by RUO Smith. (Affidavit of Matthew Rondeau, ¶ 4). Defendant also states in his affidavit that he has "never spit in any food tray." *Id.* at ¶ 8

Furthermore, Plaintiff's assertion that he contracted tuberculosis because Defendant spit in his food also lacks merit. According to Plaintiff's medical records, he tested positive for tuberculosis in 1987. (Defendant's Exhibit B, p. 24) Therefore, Plaintiff was aware of the fact that he had tuberculosis well before the August 23, 2003, incident. Defendant asserts in his affidavit that

he does not have tuberculosis or the AIDS virus, and that he never told Plaintiff that he had either disease. (Affidavit of Matthew Rondeau, ¶ 6.) Plaintiff responded to this by stating, "[Defendant] stated to me he don't have the Aids Virus...I stated I know he has the Aids Virus." ("Plaintiff's Response to Defendant's Motion, p.1.) Plaintiff has never explained how he "know[s] [Defendant] has the Aids Virus" and has failed to present any evidence to support such an allegation. *Id.*

As noted above, Plaintiff has not submitted any evidence beyond his pleadings to support the allegations made in his complaint. In contrast, Defendant has presented factual evidence, including Plaintiff's own medical record, that contradicts these allegations. The evidence shows that Plaintiff, at the time he filed this action, knew that at least one of the allegations within was false. Therefore, because Defendant has met his burden of showing an absence of evidence to support Plaintiff's claim, the undersigned recommends that summary judgment be granted.

In summary, in the opinion of the undersigned, Plaintiff has failed to sustain his burden of proof in response to Defendant's motion for summary judgment. As noted above, Plaintiff's complaint may be properly dismissed pursuant to the total exhaustion rule. However, Plaintiff's complaint is also subject to dismissal with prejudice on the merits without regard to whether Plaintiff's exhausted his remedies on each of his claims. Accordingly, it is recommended that Defendant's Motion for Summary Judgment (Docket #39) be granted and that this case be dismissed in its entirety.

NOTICE TO PARTIES: Objections to this Report and Recommendation must be served on opposing parties and filed with the Clerk of the Court within ten (10) days of receipt of this Report and Recommendation. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b); W.D. Mich. LCivR 72.3(b). Failure to file timely objections constitutes a waiver of any further right to appeal.

- 5 -

*United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).  *See also Thomas v. Arn*, 474 U.S. 140 (1985).

        /s/ Timothy P. Greeley  
TIMOTHY P. GREELEY  
UNITED STATES MAGISTRATE JUDGE

Dated:   July 28, 2005

Case 2:04-cv-00054-RAE-TPG   ECF No. 58 filed 07/28/05   PageID.145   Page 5 of 5