UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

_____

MILTON MURRAY,

      Plaintiff,

Case No. 2:04-CV-54

v.

Hon. Richard Alan Enslen

UNKNOWN RONDEAU,

**JUDGMENT**

      Defendant.
_____/

Plaintiff Milton Murray has objected, *pro se*, to United States Magistrate Judge Timothy P. Greeley's Report and Recommendation of July 28, 2005. In accordance with 28 U.S.C. § 636, the Court reviews the Objection, the Report and pertinent parts of the record *de novo*.

Upon such review, the Court determines that the Report should be adopted and the Objection denied. This case relates to two incidents in which Defendant Rondeau allegedly spit into Plaintiff's food to communicate H.I.V. and T.B. (on August 23, 2003 and March 3, 2004). Plaintiff's Objection makes two arguments about the Report. Plaintiff first argues that the "total exhaustion rule" should not be used as to the August 23, 2003 incident because he has exhausted administrative remedies as to that incident. Plaintiff's second argument is that Defendant fabricated evidence as to the August 23, 2003 incident and he is willing to take a polygraph to prove it.

This Court is sympathetic to Plaintiff's first argument and has written its own opinion expressing doubts concerning the supposed "total exhaustion rule." *See Garner v. Unknown Napel*, – F. Supp. 2d –, 2005 WL 1610680 (W.D. Mich. 2005). However, this is not the case to entertain such arguments because, as determined by the Magistrate Judge, Defendant is entitled to summary

judgment as to the August 23, 2003 incident. Plaintiff has not submitted evidence which is cognizable under Federal Rule of Civil Procedure 56(e) so as to create a genuine issue of material fact as to the August 23, 2003 incident (and the record otherwise does not support his allegations concerning the incident). An offer to take a polygraph is not cognizable under Rule 56(e), and polygraph evidence in general is not cognizable in federal court. *See United States v. Thomas*, 167 F.3d 299, 308-09 (6th Cir. 1999); *United States v. Sherlin,* 67 F.3d 1208, 1216 (6th Cir. 1995); *Conti v. Comm. of Internal Revenue*, 39 F.3d 658, 662 (6th Cir. 1994); *United States v. Blakeney,* 942 F.2d 1001, 1014 (6th Cir. 1991); *Wolfel v. Holbrook,* 823 F.2d 970, 972 (6th Cir. 1987); *Barnier v. Szentmiklosi,* 810 F.2d 594 (6th Cir. 1987). As such, summary judgment was properly granted as to the only exhausted claim.

**THEREFORE, IT IS HEREBY ORDERED** that Plaintiff's Objection (Dkt. No. 60) is **DENIED**, the Report and Recommendation (Dkt. No. 58) is **ADOPTED**, Defendant Rondeau's Motion for Suumary Judgment (Dkt. No. 39) is **GRANTED**, and this suit is **DISMISSED**.

**IT IS FURTHER ORDERED** that the Court certifies in accordance with 28 U.S.C. § 1915(a)(3) that an appeal of this Judgment would not be taken in good faith.

DATED in Kalamazoo, MI:  /s/ Richard Alan Enslen
August 11, 2005  RICHARD ALAN ENSLEN
UNITED STATES DISTRICT JUDGE